UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00211-RJC

| | |
|---|---|
| BRIAN NORTHRUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ANDREW M. SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 7), and Defendant's Motion for Summary Judgment, (Doc. No. 9). The motions are ripe for adjudication.

## I. BACKGROUND

### A. Procedural Background

Brian Northrup ("Plaintiff") seeks judicial review of Andrew M. Saul's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed applications for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on February 19, 2016. (Doc. Nos. 6 to 6-1: Administrative Record ("Tr.") at 122–23.) His applications were denied first on May 16, 2016, (Tr. 159, 168), and upon reconsideration on July 25, 2016, (Tr. 178, 186). Plaintiff timely filed a request for a hearing on August 22, 2016, (Tr. 196–97), and an administrative hearing was held by an administrative law judge ("ALJ") on April 9, 2018, (Tr. 214). Following this hearing, the ALJ found that Plaintiff was

not disabled under the SSA. (Tr. 13–37.) Plaintiff requested a review of the ALJ's decision, but on May 1, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1–7.) Having exhausted his administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of his social security claim in this Court.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 16.) To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that his disability began on October 31, 2009 due to mental impairments. (Tr. 263, 265.)

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 32.) In reaching her conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

---

[1] Under the SSA, "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite his limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 30.) In reaching her decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that he suffered from severe mental impairments,[2] and that his impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 18–22.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff

> has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant must void [sic] concentrated hazards. He can maintain concentration and pace for at least hours [sic] at a time with no more than occasional, incidental interaction with the general public, but not directly dealing with or conversing with the public directly, such as no customer service jobs. The claimant is limited to frequent interaction with coworkers or supervisors. This precludes teamwork but he can be aware of their presence. The claimant must avoid high volume or fast-paced work.

---

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: autism spectrum disorder and affective disorder. (Tr. 18.)

Work should be simple with as little interaction with public as possible. (Tr. 22.) Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could perform the work in which he had previously been employed. (Tr. 30–31.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). At the hearing, the VE classified Plaintiff's past relevant work as "retirement center food service worker,"[3] "remodeling helper,"[4] and "parts packer."[5] (Tr. 30.) The VE testified that Plaintiff could perform his past relevant work. The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent him from working and, thus, he was not disabled. (Tr. 30–31.)

The ALJ alternatively concluded at step five that Plaintiff could perform other work that existed in significant numbers in the national economy. (Tr. 31.) To make that determination, the ALJ again relied on the VE's testimony. The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "order filler,"[6] "kitchen helper,"[7] and "hospital cleaner."[8] (Tr. 31.) The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent him from working; consequently, Plaintiff's applications for Title II and Title XVI benefits were denied. (Tr. 31–32.)

---

[3] DOT 319.677-010.
[4] DOT 922.687-058.
[5] DOT 920.587-018.
[6] DOT 922.687-058.
[7] DOT 318.687-010.
[8] DOT 323.687-010.

4

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff contends that remand is warranted for two reasons: (1) at step four, the ALJ failed to evaluate whether Plaintiff's past work qualifies as past relevant work; and (2) the ALJ erred in her evaluation of the medical opinion evidence. The Court disagrees with Plaintiff's allegations of error and addresses each in turn.

### A. The ALJ did not commit reversible error at step four.

Plaintiff argues that there is evidence showing that he performed his past work under special conditions and that the ALJ erred by failing to consider those special conditions in concluding that Plaintiff's past work qualified as substantial gainful activity so as to constitute past relevant work.

At step four of the sequential evaluation process, the ALJ must determine whether the claimant can perform his past relevant work. If the claimant can perform his past relevant work, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "Past relevant work" is "work that [the claimant] ha[s] done within the past 15 years, that was substantial gainful activity,

6

and that lasted long enough for [the claimant] to learn to do it." Id. §§ 404.1560(b)(1), 416.960(b)(1). Past "[w]ork done under special conditions may, but does not necessarily, show that work is not substantial gainful activity." Billy H. v. Saul, No. 7:18-cv-0171, 2019 U.S. Dist. LEXIS 168594, at *9 (W.D. Va. Sept. 30, 2019); see also 20 C.F.R. §§ 404.1573(c), 416.973(c) ("If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity."). Examples of special conditions include receiving special assistance from other employees in performing work; being allowed to work irregular hours or take frequent breaks; being provided with special equipment or being assigned work especially suited to the claimant's impairment; being able to work only because of specially arranged circumstances; being permitted to work at a lower standard of productivity or efficiency than other employees; and being given the opportunity to work despite the claimant's impairment because of a family relationship, past association with the claimant's employer, or the employer's concern for the claimant's welfare. 20 C.F.R. §§ 404.1573(c), 416.973(c).

Here, the ALJ concluded at step four that Plaintiff could perform his past relevant work as a retirement center food service worker, remodeling helper, and parts packer. Plaintiff argues that there is evidence showing that he performed his past work under special conditions such that it does not qualify as substantial gainful activity and, thus, does not constitute past relevant work. According to Plaintiff, in concluding that Plaintiff's past work was past relevant work, the ALJ erred by failing to consider the special circumstances under which Plaintiff performed his past work.

7

Plaintiff contends that "[t]his error is significant as the ALJ denied [Plaintiff]'s claim at Step Four." (Doc. No. 8, at 7.)

Although the ALJ concluded at step four that Plaintiff could perform his past relevant work, the ALJ proceeded to step five and alternatively concluded that Plaintiff could perform other work that existed in significant numbers in the national economy. That conclusion provided an independent basis for the ALJ's decision that Plaintiff was not disabled. "The harmless error rule applies to this Court's review of Social Security appeals." Gainey v. Berryhill, No. 3:15-cv-00634, 2017 U.S. Dist. LEXIS 122464, at *16 (W.D.N.C. Aug. 3, 2017). "Reversal on account of error is not automatic but requires a showing of prejudice." Sea B Mining Co. v. Addison, 831 F.3d 244, 253 (4th Cir. 2016). Because the ALJ concluded at step five that Plaintiff could perform other work in the national economy, even if the ALJ had considered the special conditions of Plaintiff's past work and concluded at step four that such work did not qualify as past relevant work, the decision would have been the same. Thus, any error by the ALJ at step four was harmless.

B.  **The ALJ did not err in evaluating the medical opinion evidence.**

In determining Plaintiff's RFC, the ALJ gave great weight to the opinion of Dr. Karen Marcus, the consultative examiner who performed a comprehensive clinical psychological evaluation of Plaintiff. (Tr. 27–28.) In that evaluation, Dr. Marcus stated that Plaintiff "needs a structured setting with an understanding supervisor." (Tr. 491.) Plaintiff argues that remand is necessary because there is a material inconsistency in the ALJ's assignment of great weight to Dr. Marcus's opinion and

the ALJ's failure to include in her RFC assessment a limitation to a structured work setting with an understanding supervisor.

That the ALJ did not include in her RFC assessment limitations to account for each statement made in Dr. Marcus's opinion does not create a material inconsistency between the ALJ's RFC assessment and the great weight she gave to Dr. Marcus's opinion. In her decision, the ALJ explained that she gave great weight not only to the opinion of Dr. Marcus, but also to the opinions of the state agency consultants. (Tr. 27.) In discussing Dr. Marcus's comprehensive clinical psychological evaluation, the ALJ noted that Dr. Marcus stated Plaintiff "needs a structured setting with an understanding supervisor." (Tr. 28.) But the ALJ also discussed that Dr. Marcus opined Plaintiff has mild to moderate difficulty with attention and concentration and "persisting effectively in following and retaining instructions." (Tr. 28.) Dr. Marcus found Plaintiff did not have difficulty understanding simple instructions but likely would have difficulty understanding more complex instructions. (Tr. 28.) The ALJ recognized that Dr. Marcus concluded Plaintiff has moderate difficulty "in tolerating the stresses/pressures associated with day-to-day work activity" and moderate to severe difficulty forming relationships. (Tr. 28.)

The ALJ then explained that the findings of the state agency consultants were consistent with those of Dr. Marcus. (Tr. 28.) The ALJ noted that the state agency consultants found Plaintiff has moderate limitations in his activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace. (Tr. 28.) The ALJ explained that notwithstanding those limitations, the state agency

9

consultants opined that Plaintiff "is able to perform simple, routine and repetitive tasks. [Plaintiff] can adjust to routine workplace changes introduced in a gradual manner in a non-stressful and non-production oriented environment. [Plaintiff] can tolerate coworkers and supervisors in a non public setting in which interactions are brief, superficial and task-oriented with only incidental contact with the general public." (Tr. 28.)

Based largely on the opinions of Dr. Marcus and the state agency consultants, the ALJ included in her RFC assessment limitations to (1) "no more than occasional, incidental interaction with the general public, but not directly dealing with or conversing with the public directly, such as no customer service jobs"; (2) "frequent interaction with coworkers or supervisors" such that there can be no "teamwork but [Plaintiff] can be aware of their presence"; (3) "avoid high volume or fast-paced work"; and (4) work that is "simple with as little interaction with public as possible." (Tr. 22.)

Although the ALJ did not include a specific limitation to a structured setting, her RFC assessment is not inconsistent with a structured setting, and the ALJ noted that the state psychological consultants opined that Plaintiff can adjust to routine workplace changes introduced in a gradual manner in an environment that is non-stressful and non-production oriented. And to account for Plaintiff's difficulty in dealing with supervisors and forming relationships, the ALJ included in her RFC assessment a limitation to frequent interaction with supervisors, precluding any teamwork.

10

In sum, the ALJ explained how she reached each of the limitations in her RFC determination, citing to specific evidence supporting each conclusion. Therefore, the Court concludes that substantial evidence supports the ALJ's decision, and the Court finds no reversible error in the ALJ's evaluation of the medical opinion evidence.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: July 6, 2020

Robert J. Conrad, Jr.
United States District Judge